**STEWART LEE KARLIN LAW GROUP, P.C.**
111 John Street, 22nd Floor
New York, New York 10038
(212) 792-9670/Office
(844) 636-1021/Fax
cnk@stewartkarlin.com

**Natalia Kapitonova, Esq.**

| | |
|---|---|
| **MEMBER OF THE BAR** | **Concentrating in Employment, Education** |
| **NEW YORK & NEW JERSEY** | **& Insurance Law** |

March 04, 2025

<u>**Via ECF**</u>
Hon. Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Nigel John v. Department of Education of the City of New York*
        24-cv-8092 (NRM) (VMS)

Dear Judge Morrison:

We represent Plaintiff, Mr. Nigel John (hereinafter "Plaintiff"), in the above-referenced matter. In accordance with your Individual Motion Practice rules, Plaintiff is writing the instant letter in opposition to Defendant's application for a pre-motion conference to allow Defendant to file a Motion to Dismiss the Amended Complaint.

**A.   Background**
Plaintiff, formerly a teacher employed by the DOE (Jehovah's Witness), brings the instant action pursuant to 42 U.S.C. § 1983, alleging that Defendants subjected him to discrimination and disparate treatment and terminated his employment on the basis of his religion. (Am. Compl. ¶¶ 1-48)

**B.   Standards under Motion to Dismiss**
Under the Federal Rules, a claimant must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). When deciding a motion to dismiss for failure to state a claim pursuant to Federal Rule 12 (b)(6), the court must accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.,* 496 F.3d 229, 237 (2d Cir. 2007)). In order to survive a motion to dismiss pursuant to Federal Rule 12(b)(6), a Plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A facially plausible claim is one where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v.*

1

*Iqbal,* 129 S. Ct. 1937, 1949 (2009). Where the court finds well-pleaded factual allegations, it should assume their veracity and determine whether they plausibly give rise to an entitlement to relief. Iqbal, 129 S. Ct. at 1950. In ruling on a motion to dismiss, a court may consider the facts asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits and any documents incorporated by reference. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57, 64 (2d Cir. 2010).

**C.   Plaintiff has established a claim for Municipal Liability under 42 U.S.C. §1983**

In this action, Plaintiff alleges individual and municipal liability claims for deprivation of his right to free exercise pursuant to 42 U.S.C. § 1983. (Am. Compl. ¶¶ 9-43.) It has been held that " Section 1983 'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.' "*Conklin v. Cnty. of Suffolk* , 859 F. Supp. 2d 415, 438 (E.D.N.Y. 2012) (quoting *Baker v. McCollan* , 443 U.S. 137, 144 n.3, 99 S.Ct. 2689, 61 L.Ed.2d 433(1979) ). A plaintiff must satisfy two essential elements: "The conduct at issue must have been committed by a person acting under color of state law and must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell* , 592 F.3d 121, 127 (2d Cir. 2010). There is no dispute here that Defendants were acting under the color of state law. In addition, Plaintiff has pleaded facts stating a plausible action that Defendants have violated the Free Exercise Clause.   Under th e Free Exercise Clause of the First Amendment, which applies to the states through the Fourteenth Amendment, "[g]overnment enforcement of laws or policies that substantially burden the exercise of sincerely held religious beliefs is subject to strict scrutiny." *Fifth Ave. Presbyterian Church v. City of New York*, 293 F.3d 570, 574 (2d Cir. 2002). "Further, the landmark case *Monell v. Department of Social Services of the City of New York* established that municipalities can be held liable under 42 U.S.C. § 1983 when an official policy or custom leads to a constitutional violation. *Monell* at 436 U.S. 658 (1978)

Here, Plaintiff has pleaded facts that show that Defendant's policies and customs have led to constitutional violation of his rights, such as forcing Plaintiff to participate in birthday celebrations and other holiday celebrations which go directly in contravention to his sincerely held beliefs under his Jehovah Witness' religion which forbids this practice (Am. Compl. ¶¶14,33,34).   Plaintiff has pleaded that Defendant has done this by either being told he could not be excused from these events, by Defendant stopping providing Plaintiff with coverage so that he could be relieved during these celebrations, by being targeted, isolated, and micromanaged after disclosing his beliefs and by even being told by the principal in connection to his beliefs that Plaintiff "did not fit in the school's aura" and by ultimately been terminated. Am. Compl. ¶¶13-43.

Therefore, since these claims are plausible and this Court is to accept Plaintiff's claims in the most favorable light, Plaintiff's motion to dismiss will be futile.

**D.   Claims against former Chancellor David C. Banks should not be dismissed**

Claims against the former Chancellor David C. Banks should not be dismissed. Under *Monell v. Department of Social Services of the City of New York*, a municipality or its officials can be held liable under § 1983 when the alleged unconstitutional action implements or executes a policy statement, ordinance, regulation, or decision adopted and promulgated by that body's officers. Id. at 436 U.S. 658 (1978). This means that for a school chancellor to be held liable in their official capacity, the plaintiff must show that the constitutional violation resulted from an official policy or custom. *Id*.   Further, to establish individual liability under § 1983, a plaintiff must ultimately

demonstrate that the official was personally involved in the alleged constitutional deprivation. Personal involvement can include direct participation. However, Courts have held that personal involvement also includes failure to remedy a wrong after learning of it, creation of a policy under which unconstitutional practices occurred, or gross negligence in supervising subordinates. *Patterson,* 375 F.3d at 226 (citing *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 733-36, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989) (§ 1981); *Monell,* 436 U.S. at 692-94, 98 S.Ct. 2018 (§ 1983)), 315*315. The plaintiff "need not identify an express rule or regulation," but can show that "a discriminatory practice of municipal officials was so persistent or widespread as to constitute a custom or usage with the force of law, or that a discriminatory practice of subordinate employees was so manifest as to imply the constructive acquiescence of senior policy-making officials." *Id.* In the case at hand, despite his complaints and Defendant knowing that due to his religion, he could not participate in forbidden celebrations, nothing was done by the Chancellor to correct the policies already in motion that would infringe on the liberties of Jehovah's Witnesses' individuals such as Plaintiff. Thus, this claim should not be dismissed.

E.     **Plaintiff has pled a plausible Claim for Discrimination**

This Court has held that religious discrimination claims and equal protection claims under the NYSHRL and pursuant Section 1983 "are analyzed in tandem with [Plaintiff's] Title VII claims because the standards for liability under these laws are the same." *See Lewis v. New York City Transit Auth.* , 12 F. Supp. 3d 418, 438 (E.D.N.Y. 2014) ; *see also Simmons v. Akin Gump Strauss Hauer & Feld, LLP* , 508 Fed. Appx. 10, 12 (2d Cir. 2013). Title VII prohibits discrimination in employment on the basis of religion. An employer may not "fail or refuse to hire or ... discharge any individual, or otherwise ... discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... religion." 42 U.S.C. § 2000e–2(a)(1). "The term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." *Id.* § 2000e(j).

Plaintiff has clearly pleaded that he was discriminated against due to his religion and stated throughout the amended complaint how, after disclosing his religion and the fact that he could not participate in celebrations, he received negative views from his peers who stated, "You are taking our joy away" (Am. Compl. ¶¶14-16); expressed a markedly dramatic change in their attitude towards him making his job difficult (Am. Compl. ¶¶17). Plaintiff's job conditions changed, and his responsibilities increased and became more difficult; Plaintiff's requests were now ignored but not the requests of the other paraprofessionals who did not share his religion (Am. Compl. ¶¶18). Plaintiff was subjected to disparate treatment, such as microscopic scrutiny, unlike others who were not Jehovah's Witnesses, such as Mr. John Georges. (Am. Compl. ¶¶22). If something were out of place, Principal Granger would say she was doing an unannounced observation if she spotted something; however, if everything was going well, she would not conduct an observation. It should be noted that the Plaintiff's Mentor/Coach went out on maternity leave in November 2021, and he was never assigned a replacement coach for the remainder of the school year (over six months), which was required under the CBA and New York State Education law. Even in October and November, when Plaintiff and his mentor met, they met very briefly once or twice a week, which is contrary to practice and policy, which mandates at least two hours a week. (Am. Compl. ¶¶24-25). The Plaintiff complained about not having a mentor to the Principal and was assured someone would be assigned to him, but that never happened. Plaintiff did not get any formal observations

3

(Am. Compl. ¶¶21-26). Plaintiff was called into a meeting with the Principal, Assistant Principal, and Union Rep, Mr. Hans, and was told they were dissatisfied with the Plaintiff and were rescinding their approval of the Plaintiff at their school. The Principal stated that he "did not fit into the school aura ..." Plaintiff was further advised that he should consider leaving when open season occurs or to leave. There were birthday parties in Plaintiff's classroom, but they still tried to get Plaintiff engaged or involved in the celebration. For the Christmas party, Plaintiff was told by Ms. Granger that he would have to bring the kids to the room for the party and was told there were no exceptions. At the birthday parties, Plaintiff asked Ms. Granger to be excused and was told okay, but no one ever came to relieve him (Am. Compl. ¶¶ 31-35). Ms. Latoya, one of the paraprofessionals in the room, would dress very sexually and very provocatively, and one of the teachers mentioned she was testing Plaintiff's Christian faith. (Am. Compl. ¶¶36); If Plaintiff asked any paraprofessionals in the room to do anything, they would say do it yourself, very disrespectfully. Plaintiff was isolated and was perceived as different (Am. Compl. ¶¶37-39). In addition, Plaintiff was also placed on the 'Problem Code' at the Human Resources Office of Personnel Investigations. The 'Problem Code' is used for employees who have committed misconduct or incompetence. Plaintiff remains coded for misconduct because of his sincerely held religious beliefs. Plaintiff was discontinued on July 22, 2022, due to his religion. Am. Compl. ¶¶40-42). Therefore, Plaintiff has pleaded enough facts to state a claim for religious discrimination, and hence, his claim should not be denied.

**F.     Plaintiff has stated A First Amendment Free Exercise Claim**

The plaintiff has pleaded facts stating a plausible action that Defendants have violated the Free Exercise Clause. Under the Free Exercise Clause of the First Amendment, which applies to the states through the Fourteenth Amendment, "[g]overnment enforcement of laws or policies that substantially burden the exercise of sincerely held religious beliefs is subject to strict scrutiny." *Fifth Ave. Presbyterian Church v. City of New York*, 293 F.3d 570, 574 (2d Cir. 2002).". In the case, for the reasons stated throughout this letter, Defendant's policies imposed on Plaintiff burdened the exercise of his sincere Jehovah's Witnesses beliefs. In addition, Plaintiff's claims are stronger as Defendant's own principal expressed that due to his beliefs, Plaintiff did not fit in and Defendant's employees expressed disdained hostility due to his religion by accusing Plaintiff of taking the joy out of things, micromanaging him, changing the duties of his employment, terminating him and ultimately placing a problem code in his record to damage his ability to work in the future. All of these facts together, which are explained in detail in the Amended Complaint, make a plausible claim for First Amendment free exercise violation. Therefore, for all these reasons, Plaintiff's claims should not be dismissed.

Thus, for all of the above reasons, Defendant's pre-motion request should be denied as the motion to dismiss would be futile. In the alternative, assuming *arguendo* that the amended complaint is in any way defective, Plaintiff respectfully requests an opportunity to submit a second amended complaint as at this pre-discovery stage Defendant is not prejudiced.

Thank you for your attention to this matter

Very truly yours,

*s/Natalia Kapitonova*
Natalia Kapitonova, Esq.