

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**Jorge A. Estacio**
Labor and Employment Law Division
Telephone: (212) 356-5031
Email: jestacio@law.nyc.gov

May 13, 2026

**Via ECF**
Honorable Nina R. Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Nigel John v. Melissa Aviles-Ramos, et al., 24-cv-08092 (NRM)(CHK)

Dear Judge Morrison:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, attorney for Defendants Melissa Aviles-Ramos, Ketler Loussaint, Robert Lopez, Lottrell Granger, Latoya Stroute, and Delys Smith in the above-referenced action. Plaintiff, who was formerly employed by the New York City Department of Education ("DOE") as a probationary teacher, and who identifies as a Jehovah's Witness, alleges in the Second Amended Complaint ("SAC") religious discrimination and disparate treatment, solely pursuant to 42 U.S.C. §1983 – not Title VII. See SAC dated May 26, 2025 (ECF No. 16).

Although the parties have certified that discovery has been completed in this matter (see ECF. No. 48), in light of Defendants' fully-dispositive motion to dismiss the SAC (the "Motion to Dismiss"), which has been fully briefed as of December 15, 2025 (see ECF. Nos. 39-41), and which is currently pending, Defendants write to respectfully request that, pursuant to Fed. Civ. P. 26(c), and in the interest of judicial economy, the Court: (1) stay the summary judgment process pending the disposition of Defendants' Motion to Dismiss, and (2) adjourn the May 15, 2026, deadline for Defendants to file their pre-motion conference letter in connection with their anticipated summary judgment motion, until 30 days after the Court has decided the Motion to Dismiss.

In the alternative, should the Court not be inclined to grant a stay here, Defendants respectfully request a 30-day extension of time, from May 15, 2026 until June 15, 2026, for Defendants to file their pre-motion conference letter. Plaintiff opposes the requested stay on the grounds that he seeks to move the case forward.  Although Plaintiff does not consent to a 30-day extension of time for Defendants to file their pre-motion conference letter should the Court not grant the requested stay, Plaintiff, however, does consent to a two-week extension of time. This is

Defendants' first request to stay the summary judgement process[1] and for an extension of time to file the pre-motion conference letter.

### A.  Factual and Procedural Background

In essence, the gravamen of the SAC is a disparate treatment claim on the basis of religion, which Plaintiff should have brought under Title VII, but he failed to do so. And Plaintiff cannot avoid the administrative requirements of a Title VII claim by bringing such claim solely under §1983. See Lange v. Town of Monroe, 213 F. Supp. 2d 411, 419 (S.D.N.Y. 2002) ("a plaintiff cannot use Section 1983 to circumvent Title VII's limits…"). But even if Plaintiff could evade Title VII's administrative requirements here – which he cannot – Plaintiff's SAC still fails to state a claim for disparate treatment on the basis of religion as a matter of law.

Plaintiff's SAC alleges that after informing the two nonsupervisory paraprofessionals assigned to his classroom at the beginning of the 2020-2021 school year that he was a Jehovah's Witness and did not celebrate holidays or birthdays, their attitude changed, and they became uncooperative. Plaintiff also alleges that he was pressured by the paralegals to participate in classroom birthday celebrations despite his beliefs. Plaintiff alleges that he had put up a sign at school reading, "God is love," and he was told to take it down, which he did.  Plaintiff also alleges that administrators subjected him to excessive scrutiny, unlike other probationary teachers, and did not provide him with a replacement mentor when his mentor went on maternity leave in the middle of the school year. Ultimately, Plaintiff alleges he was designated by DOE as a "problem code" and terminated in July 2022. Significantly, however, nowhere in the SAC does Plaintiff allege that he requested an accommodation on the basis of his sincerely held religious beliefs or that he even informed a supervisor of his religion.[2] Indeed, other than bald legal conclusions, Plaintiff does not plausibly plead any facts to establish the inference that his termination was based on any animus toward his religion.

### B.  The Court Should Stay the Summary Judgment Process Because Defendants' Motion to Dismiss is Likely to Succeed

It is well-established that federal district courts have discretion under Rule 26(c) to stay motion deadlines or discovery, pending the determination of dispositive motions by the issuance of a protective order. See Levy v. BASF Metals Ltd., 755 F. App'x 29, 31 (2d Cir. 2018), cert. denied, 140 S. Ct. 536, (2019) (holding that the District Court did not abuse its discretion in staying discovery pending a motion to dismiss). In deciding whether to issue a stay while a dispositive motion is pending, courts consider numerous factors, including: whether the defendant has made a strong showing that the plaintiffs' claim is without merit; whether the breadth and attendant

---

[1] By letter to Magistrate Judge Scanlon dated February 21, 2025, Defendants requested a stay of discovery pending the disposition of their Motion to Dismiss. By Order dated March 17, 2025, the Court denied the request.

[2] Although Plaintiff testified at his deposition that he informed the Assistant Principal that he was a Jehovah's Witness, this fact is not pled in the SAC, and Plaintiff must seek leave to amend yet again at this late stage in the proceeding to include any such facts.

burdens of discovery justify a stay; and whether there is a risk of prejudice to the party opposing the stay. See Long Island Hous. Servs., Inc. v. Nassau Cnty. Indus. Dev. Agency, 2015 WL 7756122, at *2 (E.D.N.Y. Dec. 1, 2015) (collecting cases).

For the reasons articulated herein and in Defendants' fully-briefed Motion to Dismiss, the SAC lacks plausible claims and is without merit. The crux of the SAC is a disparate treatment claim on the basis of religion, which Plaintiff should have brought under Title VII, but did not. Instead, Plaintiff improperly brought such claim under § 1983, in an attempt to circumvent the administrative requirements of Title VII, including the filing of a charge with the U.S. Equal Employment Opportunity Commission. See Saulpaugh v. Montro Cmty. Hosp., 4 F.3d 134, 143 (2d Cir. 1993) ("A plaintiff cannot use [§] 1983 to gain perceived advantages not available to a Title VII claimant, but a plaintiff can assert a claim under [§] 1983 if some law other than Title VII is the source of the right alleged to have been denied.") Other than the Plaintiff's purported Free Exercise Clause claim, which should also be dismissed for the reasons set forth below, Plaintiff fails to identify any federal rights other than Title VII, on which he is basing his disparate treatment claim.

And even if Plaintiff could circumvent Title VII's requirements, which he cannot, Plaintiff's disparate treatment claim fails as a matter of law. To establish a prima facie case of discrimination, "a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." Tousst v City of NY, No. 19 Civ. 1239 (AT), 2020 U.S. Dist. LEXIS 125968, at *11 (S.D.N.Y. June 29, 2020). The complaint does not plausibly allege that Plaintiff's religion was a motivating factor in his termination. Plaintiff's allegations are largely conclusory and lack specific facts showing discriminatory animus. There are no allegations that supervisors or other defendants, aside from two paraprofessionals, even knew of Plaintiff's religion, making it implausible that religion was a motivating factor in any adverse employment action. Indeed, other than conclusory allegations, Plaintiff fails to allege any discriminatory remarks by his supervisors or that his religion was a factor in his termination or placement on the "Problem Code." Furthermore, Plaintiff's failure to allege any comparator who was similarly situated in all material respects to Plaintiff is also fatal in Plaintiff's attempt to raise an inference of discrimination. See Farooq v. City of N.Y., No. 20-3185, 2022 U.S. App. LEXIS 6739, at *7 (2d Cir. Mar. 16, 2022); De La Pena v. Metro. Life Ins. Co., 953 F. Supp. 2d 393, 413-14 (E.D.N.Y. 2013)(motion to dismiss granted where plaintiff alleged insufficient facts regarding comparator's injury that could lead to inference plaintiff was treated differently on account of protected characteristic; instead, allegations merely showed that plaintiff was treated differently), aff'd, 552 F. App'x 98 (2d Cir. 2014).

To the extent that Plaintiff alleges a Free Exercise Clause claim under the First Amendment, such claim also should be dismissed. "It is not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy, or statute that burdens a religious practice, provided the burden is not the object of the law but merely the 'incidental effect' of an otherwise valid neutral provision." Seabrook v. City of New York, et al., No. 99-9169, 2000 U.S. App. LEXIS 6218, at *3 (2d Cir. Apr. 4, 2000) (quoting Employment Div., Dep't of Human Resources of Oregon v. Smith, 494 U.S. 872, 878-9 (1990)). Even *assuming* a teacher's mere attendance at

birthday and Christmas celebrations for students under the teacher's care is a DOE policy, such a policy does not violate the Free Exercise Clause, as it is a generally applicable rule that does not target Plaintiff's religious beliefs.

Plaintiff's claims against the individual Defendants in their official capacities should equally be dismissed with prejudice. At the pre-motion conference held on May 6, 2025, the Court, recognizing the deficiencies in Plaintiff's Monell claim in the Amended Complaint, granted Plaintiff leave to amend the Complaint a second time to add certain individuals and omit any Monell claims. ECF. No. 15. Yet Plaintiff insists on maintaining official-capacity suits against the Individual Defendants. However, an official-capacity suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Monell v. Dep't. of Soc. Servs. of the Cityof New York, 436 U.S. 658, 690 n.55 (1978). In any event, the SAC fails to plausibly plead the existence of any municipal policy, custom, or practice, which was the moving force behind Plaintiff's alleged constitutional deprivation.  Moreover, Plaintiff's SAC fails to allege any personal involvement by the named individual defendants, who therefore must be dismissed. See Littlejohn v. City of New York, 795 F.3d 297, 314 (2d Cir. 2015).

Accordingly, a stay of the summary judgement process here is appropriate, given the likelihood of success of Defendants' motion.  See O'Sullivan v. Deutsche Bank AG, 2018 U.S. Dist. LEXIS 70418 (S.D.N.Y. Apr. 26, 2018) (staying discovery where defendants "made a strong showing that they are likely to succeed on their motion to dismiss").

### C.  Summary Judgment Proceedings Will Impose an Unnecessary Burden on Defendants

In the interests of judicial economy, resolving Defendants' Motion to Dismiss will, at a minimum, narrow the claims at issue here and avoid wasting the parties and judicial resources on litigating and adjudicating claims that will have been dismissed through the Motion to Dismiss. Accordingly, stay of the summary judgment process is warranted to prevent the continued diversion of public resources toward meritless claims.

### D.  A Stay of Summary Judgment Processes Would Not Prejudice Plaintiffs

Plaintiff would not be prejudiced by a stay of the summary judgment process pending the disposition of Defendants' Motion to Dismiss. A delay would not result in any loss of evidence, nor would it increase difficulties of discovery because, notably, the parties have completed discovery. And delay alone does not constitute prejudice. See, e.g., Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983); O'Sullivan, 2018 U.S. Dist. LEXIS 70418, at *30 ("the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery").

### E.  In the Alternative, the Request for an Extension

In the alternative, should the Court be inclined to deny the request for a stay, Defendnats respectfully request an extension of time, until June 15, 2026, to file their pre-motion conference letter. Additional time is necessary due to my recent return from scheduled leave for the entire month of April for my wedding outside of the country. Consequently, due to this major life event,

I require additional time to manage a backlog of time-sensitive litigation matters and competing deadlines. And Plaintiff will not be prejudiced by the brief extension of the pre-motion conference letter deadline.

I thank the Court for its consideration of this request.

Respectfully submitted,
/s/
Jorge A. Estacio
Assistant Corporation Counsel